Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Telephone: (516) 268-7080
Fax: (516) 234-7800

United States District Court
Southern District of New York                    1:20-cv-08496

| | |
|---|---|
| Mandell Mitchell, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Whole Foods Market Group, Inc., | |
| Defendant | |

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge: Mandell Mitchell

1.      Whole Foods Market Group, Inc. ("defendant") manufactures, distributes, markets, labels and sells  vanilla ice cream bars purporting to be dipped in chocolate and covered with almonds under the Organic 365 brand ("Product").

2.      Though Defendant may not be the actual manufacturer of the Product, it subcontracts third-parties to manufacture the Product at its express instructions, direction and control subject to a "supplier" or "co-packer" agreement.

3.      The Product is marketed under defendant's private label Organic 365 Everyday Value Brand, for which Defendant has exclusive control of the final labeling.

4.      Defendant's name is the only entity which appears on the Product, on the back label, where the entity responsible for the Product is required to be listed.



5.     The Product is available to consumers from defendant's retail stores, its website and Amazon.com and is sold in 3 OZ bars in packages of three.

6.     The relevant front label representations include "Organic 365," "Chocolate & Almond," "Vanilla Ice Cream Bars," "Organic Vanilla Ice Cream Dipped in Organic Chocolate & Almonds," "Chocolate Coating," "Decadent" and an image of the Product.



7.     The unqualified, prominent and conspicuous representation as "chocolate" and "chocolate coating" is false, deceptive and misleading because the purported chocolate contains vegetable oils,

8.     Cacao beans are not consumed by themselves – they are subject to fermentation, drying and roasting, which produces cacao nibs.

9.     The nibs are then ground to produce cocoa mass or chocolate liquor, which is separated into components of cocoa solids and cocoa butter.

10.    Consumers want chocolate in chocolate products to come from a real source, i.e., from cacao beans.

11.    Chocolate provides greater satiety and a creamy and smooth mouthfeel compared to other ingredients which substitute for chocolate, like vegetable oils, which provide less satiety, a waxy and oily mouthfeel and leave an aftertaste.

12.    From the time chocolate was first made, companies have adulterated chocolate products with cheap synthetics and substitutes such as cheaper, lower quality vegetable oils.

13.    Chocolate has specific labeling requirements because it is uniquely vulnerable to being adulterated, one of the most popular and one of most costly foods.

14.    The presence of chocolate – understood as excluding vegetable oils and vegetable fats – has a material bearing on price or consumer acceptance of the Product.

15.    Congress directed the Food and Drug Administration ("FDA") to establish standards and rules to combat an economic problem: the marketing of foods from which traditional constituents are removed or new or different (often cheaper and artificial) ingredients are substituted.

16.   In terms of chocolate products, this entails the substitution of more valuable ingredients like cacao fat and replacement with less valuable, lower quality ingredients like vegetable oils.

17.   The chocolate standards have been in place for over fifty (50) years, and companies' adherence to these regulations have benefitted consumers who otherwise would not be able to rely on a product's representations.

18.   Regulations regarding chocolate effectively establish custom and practice in the industry so that consumers' experience with that custom and practice primes them to infer from a product's labeling whether a product contains chocolate or is a chocolate mixture which contains vegetable oils.

19.   For example, the optional ingredients in milk chocolate include cacao fat, nutritive carbohydrate sweeteners, spices, natural and artificial flavorings, dairy ingredients and emulsifying agents. 21 C.F.R. § 163.124(b).

20.   Over ten years ago in response to a proposal to modify the chocolate standards, industry leader Mars Wrigely was adamant in its opposition, because it recognized what consumers wanted:

> At Mars, the consumer is our boss, and American consumers are passionate about chocolate. They don't want anyone to change the chocolate they've enjoyed for generations…As a privately held company, we have the freedom to invest in the highest quality chocolate and deliver what consumers want.[1]

21.

22.   Since the Product's front label representations are "chocolate" and "chocolate coating" without qualification – chocolate with vegetable oils/fats  – consumers expect that it only has chocolate ingredients, when this is not accurate.

---

[1] Mars US Announces Support for Current Chocolate Standard of Identity, Press Release, September 17, 2007.

4

23.     This conclusion is consistent with a consumer survey indicating consumers understand the Product's representations as "chocolate" and "chocolate coating" to refer to a food which contains cacao ingredients and do not expect vegetable oils.

24.     The representations are misleading because although the Product is represented as containing chocolate and chocolate coating, it contains ingredients not found in real chocolate – "ORGANIC EXPELLER PRESSED PALM KERNEL OIL."



**INGREDIENTS:  ORGANIC  ICE  CREAM:** PASTEURIZED ORGANIC MILK, PASTEURIZED ORGANIC CREAM, ORGANIC CANE SUGAR, ORGANIC SUGARED EGG YOLKS (ORGANIC EGG YOLKS, ORGANIC CANE SUGAR), ORGANIC VANILLA EXTRACT, ORGANIC LOCUST BEAN GUM, ORGANIC GUAR GUM. **ORGANIC CHOCOLATE:** ORGANIC CANE SUGAR, ORGANIC CHOCOLATE LIQUOR, ORGANIC EXPELLER PRESSED PALM KERNEL OIL, ORGANIC COCOA BUTTER, ORGANIC DRY ROASTED ALMONDS, ORGANIC WHOLE MILK POWDER, ORGANIC SOY LECITHIN (EMULSIFIER), ORGANIC VANILLA EXTRACT.

25.     The Product does not designate the coating as "milk chocolate and vegetable fat coating" on the front label, which would tell consumers what they are buying. See 21 C.F.R. § 163.155(c) ("Alternatively, the common or usual name of the vegetable derived fat ingredient may

be used in the name of the food, e.g., "milk chocolate and ___ oil coating", the blank being filled in with the common or usual name of the specific vegetable fat used.").

26.    Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud plaintiff and consumers.

27.    Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like plaintiff.

28.    The value of the Product that plaintiff purchased and consumed was materially less than its value as represented by defendant.

29.    Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for them.

30.    As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $5.49 for three 3 OZ bars, excluding tax, compared to other similar products represented in a non-misleading way.

<u>Jurisdiction and Venue</u>

31.    Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

32.    Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

33.    Plaintiff Mandell Mitchell is a citizen of New York.

34.    Defendant Whole Foods Market Group, Inc. is a Delaware corporation with a principal place of business in Austin, Travis County, Texas and therefore is a citizen of Texas.

35.    "Minimal diversity" exists because plaintiff and defendant are citizens of different states.

36.    Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred, *viz*, the purchase of the Product and the misleading representations relied upon by plaintiff.

37.    This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

Parties

38.    Plaintiff Mandell Mitchell is a citizen of Bronx, Bronx County, New York.

39.    Defendant Whole Foods Market Group, Inc. is a Delaware corporation with a principal place of business in Austin, Texas, Travis County.

40.    Defendant operates over five hundred high-end grocery stores, which sells high-value groceries.

41.    During the relevant statutes of limitations, plaintiff purchased the Product within his district and/or State for personal consumption and/or use in reliance on the representations the Product contained milk chocolate, understood as not containing vegetable oils.

42.    Plaintiff Mandell Mitchell purchased the Product at Defendant's stores, including the location at 4 Union Square E S, New York, NY 10003, during 2019 and 2020.

43.    Plaintiff bought the Product because he liked the product type for its intended use and expected it would only contain a chocolate coating, because that is what the front label said and because chocolate is understood by consumers to not contain vegetable oils.

44.    Plaintiff would buy the Product again if assured it did not contain vegetable oils and was real chocolate.

<u>Class Allegations</u>

45.    The class will consist of all purchasers of the Product who reside in New York during the applicable statutes of limitations.

46.    Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

47.    Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

48.    Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

49.    Plaintiff is an adequate representatives because his interests do not conflict with other members.

50.    No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

51.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

52.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

53.    Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>New York General Business Law ("GBL"), §§ 349 & 350</u>
<u>(Consumer Protection Statutes)</u>

54.    Plaintiff incorporates by reference all preceding paragraphs.

55.    Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

56.   Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

57.   Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

58.   The presence of chocolate – understood as excluding vegetable oils and vegetable fats – has a material bearing on price or consumer acceptance of the Product because chocolate provides greater satiety and a creamy and smooth mouthfeel compared to vegetable oils, which provide less satiety, a waxy and oily mouthfeel and leave an aftertaste. The amount and proportion of the characterizing component, chocolate, and the exclusion of vegetable oils, has a material bearing on price or consumer acceptance of the Product because consumers are willing to pay more for them.

59.   Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

60.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

61.   Plaintiff incorporates by reference all preceding paragraphs.

62.   Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

63.   The presence of chocolate – understood as excluding vegetable oils and vegetable fats – has a material bearing on price or consumer acceptance of the Product because chocolate provides greater satiety and a creamy and smooth mouthfeel compared to vegetable oils, which provide less satiety, a waxy and oily mouthfeel and leave an aftertaste. The amount and proportion

of the characterizing component, chocolate, and the exclusion of vegetable oils, has a material bearing on price or consumer acceptance of the Product because consumers are willing to pay more for them.

64.     Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

65.     This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

66.     The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

67.     Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

68.     Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Breaches of Express Warranty, Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.</u>

69.     Plaintiff incorporates by reference all preceding paragraphs.

70.     The Product was manufactured, labeled and sold by defendant and warranted to plaintiff and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which they did not.

71.     The presence of chocolate – understood as excluding vegetable oils and vegetable fats – has a material bearing on price or consumer acceptance of the Product because chocolate provides greater satiety and a creamy and smooth mouthfeel compared to vegetable oils, which provide less satiety, a waxy and oily mouthfeel and leave an aftertaste. The amount and proportion

of the characterizing component, chocolate, and the exclusion of vegetable oils, has a material bearing on price or consumer acceptance of the Product because consumers are willing to pay more for them.

72.   Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

73.   This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

74.   Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

75.   Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product, of the type described here.

76.   The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

77.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Fraud</u>

78.   Plaintiff incorporates by reference all preceding paragraphs.

79.   The presence of chocolate – understood as excluding vegetable oils and vegetable fats – has a material bearing on price or consumer acceptance of the Product because chocolate provides greater satiety and a creamy and smooth mouthfeel compared to vegetable oils, which provide less satiety, a waxy and oily mouthfeel and leave an aftertaste. The amount and proportion of the characterizing component, chocolate, and the exclusion of vegetable oils, has a material

11

bearing on price or consumer acceptance of the Product because consumers are willing to pay more for them.

80.    Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label and ingredient list, when it knew its statements were neither true nor accurate and misled consumers.

81.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Unjust Enrichment

82.    Plaintiff incorporates by reference all preceding paragraphs.

83.    Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

  **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and
   experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   October 12, 2020

                                        Respectfully submitted,

                                        Sheehan & Associates, P.C.
                                        /s/Spencer Sheehan
                                        Spencer Sheehan
                                        60 Cuttermill Rd Ste 409
                                        Great Neck NY 11021-3104
                                        Tel: (516) 268-7080
                                        Fax: (516) 234-7800
                                        *spencer@spencersheehan.com*
                                        E.D.N.Y. # SS-8533
                                        S.D.N.Y. # SS-2056

1:20-cv-08496
United States District Court
Southern District of New York

Mandell Mitchell, individually and on behalf of all others similarly situated,

                              Plaintiff,

          - against -

Whole Foods Market Group, Inc.,

                              Defendant

---

## Class Action Complaint

---

```
Sheehan & Associates, P.C.
 60 Cuttermill Rd Ste 409
 Great Neck NY 11021-3104
    Tel: (516) 268-7080
    Fax: (516) 234-7800
```

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: October 12, 2020

                                        /s/ Spencer Sheehan
                                        Spencer Sheehan