**Blaxter | Blackman** LLP

David P. Adams
dadams@blaxterlaw.com
Direct: 415.500.7700

601 California Street, Suite 1505
San Francisco, CA 94108

www.blaxterlaw.com

March 4, 2021

**VIA ECF**

Honorable Edgardo Ramos, U.S.D.J
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

        Re:    *Mandell Mitchell v. Whole Foods Market Group, Inc.*
              Case No. 1:20-cv-08496-ER

Dear Judge Ramos:

We write on behalf of defendant Whole Foods Market Group, Inc. ("WFM Group"), to request a pre-motion conference to discuss WFM Group's intended motion to dismiss Mandell Mitchell's ("Plaintiff") Complaint under Fed. R. Civ. P. 12(b).

WFM Group owns and operates the Whole Foods Market stores in New York, and several other states.  Plaintiff alleges he purchased 365 Everyday Value Organic Chocolate & Almond Vanilla Ice Cream Bars ("365 Ice Cream Bars") at a Whole Foods Market store in New York City.  *See* Dkt. No. 1, ¶42.  Plaintiff further alleges 365 Ice Cream Bars are mislabeled because their packaging says the bars are coated in chocolate, when the ingredients list discloses that the chocolate coating also contains vegetable oil. Based on these allegations, Plaintiff alleges claims for injunctive and monetary relief under (1) New York General Business Law ("GBL") §§ 349 & 350; (2) for negligent misrepresentation; (3) for breach of warranty, implied warranty of merchantability, and Magnuson Moss Warranty Act; (4) for fraud; and (5) for unjust enrichment. We have briefly outlined below why these claims are defective.

***Plaintiff's claims are preempted because they attempt to privately enforce the FDCA.***
Plaintiff alleges 365 Ice Cream Bars' packaging and labeling are false and misleading because they do not comply with regulations promulgated under the Food, Drug & Cosmetic Act ("FDCA").  *See* Dkt. No. 1, ¶¶19, 24.  These allegations and any claim based on them fail as a matter of law.  There is no private right of action under the FDCA.  The right to enforce the FDCA rests solely with the FDA.  21 U.S.C. § 337(a).  Courts may dismiss when the plaintiff's "true goal is to privately enforce alleged violations of the FDCA." *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997).

***365 Ice Cream Bars' labeling is not plausibly deceptive to reasonable consumers.***  To establish conduct is materially misleading under General Business Law §§ 349 and 350, Plaintiff must show that "a reasonable consumer acting reasonably under the circumstances" would be misled.  *Mantikas v. Kellog Co.*, 910 F.3d 633, 636 (2d Cir. 2018).  A court may

**Blaxter | Blackman** LLP

determine, as a matter of law, that an allegedly deceptive practice does not mislead a reasonable consumer.  *See Fink v. Time Warner Cable*, 714 F,3d 739, 741 (2d Cir. 2013).

Here, Plaintiff argues that the presence of vegetable oil in the product's chocolate coating renders the term "chocolate" misleading. This argument fails for two reasons. First, Plaintiff fails to allege that the product does not contain real chocolate. It does, and presence of the disputed ingredient renders the label non-deceptive. *See, e.g.*, *Sarr v. BEF Foods, Inc.*, 2020 WL 729883 at *12-13 (E.D.N.Y. Feb. 13, 2020) (holding that the challenged "Made with Real . . . Butter" claims could not be deceptive as a matter of law when "the Mashed Potatoes do, in fact, contain real butter.").  Second the mere presence of other ingredients *in addition* to real chocolate does not render the chocolate statement false or misleading as a matter of law. The product advertises chocolate and provides it. Plaintiff alleges no facts, other than a passing reference to an unattached consumer survey, to show that consumer expectations are tied to Plaintiff's reading of the FDCA, on which Plaintiff's theory of deception wholly rests.

***Plaintiff has not alleged an injury.***  Plaintiff's price premium allegations are deficient. Plaintiff does not allege what he paid for the product, or how that price compared to competitors' prices.  *See, e.g., Colella v. Atkins Nutritional, Inc.,* 348 F. Supp. 3d 120, 143 (E.D.N.Y 2018) (plaintiff "provided no facts regarding what the premium was, what price he paid for the products, or the price of non-premium products.")

***Plaintiff lacks standing.***  Plaintiff lacks standing to seek injunctive relief.  Plaintiff's contention that he "would buy the Product again if assured it did not contain vegetable oils and was real chocolate" is insufficient to establish future injury.  *See* Dkt. No. 1, ¶44. Plaintiff's mere consideration not only amounts to insufficient allegations of future injury, but also implies that Plaintiff will never be injured by the allegedly offending product again. *Berni v. Barilla S.p.A,*, 964 F.3d, 141 (2d Cir. 2020).

***The Complaint fails to state a claim for fraud.***  Plaintiff's fraud claim should be dismissed because he has not alleged facts that "give rise to a strong inference of fraudulent intent." *Campaniello Imports, Ltd. V. Saporiti Italia S.p.A.,* 117 F.3d 655, 663 (2d Cir. 1997).  The Complaint does not allege facts to show that WFM Group either had "both motive and opportunity to commit fraud" or "strong circumstantial evidence of conscious misbehavior or recklessness."  *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Further, Plaintiff's allegations fail to satisfy the requirements of Rule 9(b); he has not alleged facts showing a misrepresentation on the product label.  Consumers understand they are purchasing ice cream with a chocolate shell, and they receive it.

***Plaintiff's negligent misrepresentation claim fails.***  Under New York common law, a claim of negligent misrepresentation requires a special relationship of trust.  *Nelson v. MillerCoors,*

**Blaxter | Blackman LLP**

*LLC*, 246 F. Supp. 3d 666, 677 (E.D.N.Y. 2017). Plaintiff's conclusory allegation that WFM Group owed him a duty because of "defendant's position as one of the most recognized companies in the nation in this sector" lacks merit. *See* Dkt. No. 1, ¶73. "[I]f this alone were sufficient, a special relationship would necessarily always exist for purposes of misbranded food claims, which is not the case." *Stolz v. Fage Dairy Processing Indus.*, 2015 WL 5579872 at *25 (E.D.N.Y Sept. 22, 2015). Further, the economic loss rule bars this claim. *Gordon v. Hain Celestial Grp., Inc.*, 2017 WL 213815, at *14-15 (S.D.N.Y. Jan. 18, 2017) ("plaintiff and the putative class members purchased products they would have otherwise purchased at a lesser price or not at all" are subject to the economic loss doctrine.)

***Plaintiff's claims for express and implied warranty, MMWA and unjust enrichment claims fail for claim-specific reasons***. The express warranty claim fails because Plaintiff's vague and conclusory allegations do not provide a sufficient factual basis to establish a plausible breach (*Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 263 (E.D.N.Y. 2014)) and because Plaintiff failed to provide notice of the alleged breach. *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018). The implied warranty of merchantability and MMWA claims fail because Plaintiff fails to allege that the product was not merchantable. *Silva v. Smucker Nat. Foods, Inc.*, 2015 WL 536022, at *11 (E.D.N.Y. Sept. 14, 2015) (food products need only be fit for human consumption to be merchantable); *In re Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 3920353, at *18 (S.D.N.Y. July 15, 2016) (MMWA claims should be dismissed if duplicative of other claims). And Plaintiff's unjust enrichment claim fails as duplicative of his other claims. *Corsello v. Verizon N.Y. Inc.*, 18 N.Y.3d 377, 790 (2012).

Respectfully submitted,

*/s/ David P. Adams*
David P. Adams for
Blaxter | Blackman

cc:   Spencer Sheehan (via ECF)